[No. 31582-7-III.   Division Three.   August 19, 2014.]

JAMES WALTZ ET AL., *Appellants*, v. TANAGER ESTATES
HOMEOWNERS ASSOCIATION, *Respondent*.

*John H. Guin* (of *Law Office of John H. Guin PLLC*), for appellants.

*Timothy P. Cronin* (of *Mullin, Cronin, Casey & Blair PS*), for respondent.

¶1 KORSMO, J. — This dispute between homeowners and their homeowners association was tried to the bench. As often happens when neither side abides by the rules of the game, the referee faced a difficult problem determining who fouled whom and which fouls deserved to be called.[1] Because the court applied the wrong standard of care to the actions of the board of directors of a nonprofit corporation in an action brought by members of the corporation, we reverse and remand for a new trial.

¶2 We discuss that issue in the published portion of this opinion. In the unpublished portion, we address the facts of the case and conclude that the trial court (1) correctly denied the request for a jury trial, (2) erred in applying equitable estoppel, and (3) correctly rejected the other claims for relief.

¶3 The dispute began when appellants James Waltz and Marilyn Miller (Waltzes) began remodeling their home in Tanager Estates, a planned unit development located in Mead. Tanager Estates is subject to a declaration of covenants, conditions, and restrictions (CC&Rs) that are enforced by the Tanager Estates Homeowner's Association (HOA). The HOA is a nonprofit organization organized under chapter 24.03 RCW. It is governed by a Board of Directors (Board). All property owners are members of the HOA. Ex. 1, Article V.

¶4 After the events discussed later, the Waltzes sued the HOA and the individual members of the Board concerning the process by which initial remodeling plans were rejected and one unsatisfactory to the Waltzes was eventually ap-

---

[1] "In sporting parlance, 'No harm, no foul.'" *State v. Momah*, 167 Wn.2d 140, 156, 217 P.3d 321 (2009) (Penoyar, J. Pro Tem., concurring).

proved. At a bench trial, the court found that the directors were not grossly negligent in the performance of their duties and thus did not breach their fiduciary duties to the Waltzes. The court entered its own extensive findings of fact and conclusions of law. The Waltzes timely appealed to this court from the judgment in favor of the defendants.

*Standard of Care*

¶5 The Waltzes argue that the trial court applied the wrong standard of care to the actions of the Board president, Mr. Kirk Firestone, and the other directors when it determined that they did not breach their fiduciary duties. The court did apply an incorrect standard in determining whether they should be individually liable for their actions. We therefore reverse the judgment as to the directors.

¶6 The HOA is organized under chapter 24.03 RCW, the Washington Nonprofit Corporation Act. This act applies only to corporations organized under the provisions of the chapter. RCW 24.03.010(1). The chapter imposes upon directors an obligation to act "in good faith" and "with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." RCW 24.03.127.

¶7 Chapter 24.06 RCW is the Nonprofit Miscellaneous and Mutual Corporation Act. By its terms, the chapter also applies only to organizations formed under its auspices. RCW 24.06.010(1).[2] The chapter provides that board members and directors "shall have the same immunity from liability as is granted in RCW 4.24.264." RCW 24.06.035(1). The chapter also provides that directors and officers are not individually liable to the corporation, its

---

[2] It also applied to certain corporations formed under titles that were repealed when chapter 24.03 RCW was enacted in 1969. *See* RCW 24.06.010(2); RCW 24.03.920.

shareholders,[3] or its members. RCW 24.06.035(2). The immunity applies "except for acts or omissions that involve intentional misconduct or a knowing violation of the law, or that involve a transaction from which the director or officer will personally receive a benefit in money, property, or services to which the director or officer is not legally entitled." *Id.*

¶8 In turn, RCW 4.24.264 states:

(1) Except as provided in subsection (2) of this section, a member of the board of directors or an officer of any nonprofit corporation is not individually liable for any discretionary decision or failure to make a discretionary decision within his or her official capacity as director or officer unless the decision or failure to decide constitutes gross negligence.

(2) Nothing in this section shall limit or modify in any manner the duties or liabilities of a director or officer of a corporation to the corporation or the corporation's members.

This immunity statute applies to nonprofit corporations organized under chapter 24.03 RCW. *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 241 P.3d 1256 (2010).

¶9 The trial court entered conclusion of law 5 addressing the standard of care governing the directors. It states:

The Board members did not breach their fiduciary duty and are not individually liable for the alleged damages. Although Mr. Firestone's actions significantly pressed the boundaries of authority, the evidence is insufficient to establish knowing bad faith wrongful conduct in carrying out duties (Annechino v. Worthy) [sic] intentional misconduct, a knowing violation of the law, receipt of an improper personal benefit, or grossly negligent decision making pursuant to RCW 24.06.035(2) and RCW 4.24.264.

Clerk's Papers (CP) at 829.

---

[3] One of the significant differences between chapter 24.03 RCW and chapter 24.06 RCW is that stock may not be issued by a chapter 24.03 corporation. *See* RCW 24.03.030(1).

¶10 Appellants challenge[4] this conclusion, correctly noting that RCW 24.06.035(2) does not apply because the HOA was organized under chapter 24.03 RCW rather than chapter 24.06 RCW. While we agree that the trial court erred in mentioning this statute, that mistake is of no consequence because both chapters are governed by the immunity provision, RCW 4.24.264, that the court did apply.

¶11 RCW 24.06.035(1) expressly indicates that RCW 4.24.264 is applicable to that chapter. There is no similar express adoption of the immunity provision by chapter 24.03 RCW, but there also appears to be no need to do so since the statute applies to the directors of "any nonprofit corporation." RCW 4.24.264(1). A majority of the Washington Supreme Court likewise confirmed that the provision applies to chapter 24.03 RCW corporations. *See Eastwood*, 170 Wn.2d at 400-01 (lead opinion of Fairhurst, J.), 418 (Chambers, J., concurring).[5]

¶12 The Waltzes argue that because RCW 24.03.127 imposes a negligence standard on corporate directors and officers, the second paragraph of the immunity statute (shall not "limit . . . the . . . liabilities of a director . . . to . . . the corporation's members") preserves that negligence standard as to them. We agree that RCW 4.24.264 effectively creates an immunity that only applies against nonmembers of a nonprofit corporation.

¶13 In *Eastwood*, the plaintiff (a landlord) sued a nonprofit corporation and two of its corporate directors for the tort of waste, along with other causes of action. 170 Wn.2d at 383-84. The trial court found the directors grossly negli-

---

[4] Appellants also argue that Mr. Firestone's actions more than "pressed the boundaries" of his authority. We agree with appellants that, in fact, Mr. Firestone exceeded his authority. For instance, he appointed Mr. Murray as replacement vice president even though only the Board could do so. Ex. 3 (Bylaws Section VIII). Similarly, his action in unilaterally transferring the Waltz project to the Board from the Architectural Committee was a matter left to the Board rather than to an individual member. Ex. 3 (Bylaws Sections VI, VII).

[5] The concurring opinion of Chief Justice Madsen did not address the statute. *Eastwood*, 170 Wn.2d at 402-06.

gent and thus individually liable for waste. *Id.* at 384. On appeal, the court affirmed the determination that the directors were individually liable to the landlord due to their gross negligence over an objection that the directors were immune altogether. *Id.* at 400-01 (lead opinion of Fairhurst, J.), 418 (Chambers, J., concurring).

¶14 The trial court here, as in *Eastwood*, applied a gross negligence standard to the actions of the board members, although the result, unlike *Eastwood*, was to find the directors not liable. In light of RCW 4.24.264(2), it was error to apply the stricter standard of gross negligence to the directors for their dealings with members of the corporation. As we read the statute, RCW 4.24.264(1) sets a gross negligence standard for liability of directors in the course of their official actions, while subsection (2) preserves any different statutory standard that might apply between directors and the corporation or its members. In the case of nonprofits organized under chapter 24.03 RCW, RCW 24-.03.127 sets forth a reasonableness standard for directors in their dealings with the corporation and its members.

¶15 This view also finds support in the scant legislative history materials addressing the provision. The House Bill Report summarizes the provision in this manner:

> *IMMUNITY FOR DIRECTORS OF NONPROFIT CORPORA-TIONS* exists for a member of the board of directors or an officer from civil liability . . . unless the act or omission constitutes gross negligence or violates a duty owed to the corporation or shareholders of the corporation.

H.B. REP. ON SUBSTITUTE S.B. 6048, at 3, 50th Leg., Reg. Sess. (Wash. 1987). This view confirms that the directors of a chapter 24.03 RCW corporation have two standards governing their liability—they are only liable in instances of gross negligence unless they violate a duty owed the corporation or its members. It is understandable that the legislature chose to maintain a higher standard of care to those with whom the directors have a fiduciary relationship.

¶16 Since the directors owed the Waltzes, as members of the corporation, the obligation to act in good faith with the care of an ordinarily prudent person, they could be liable to them for negligent actions. The trial court erred in applying the higher standard of gross negligence. Thus, a new trial is needed at which the appropriate standard is applied.

¶17 Reversed.

¶18 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with RCW 2.06.040, the rules governing unpublished opinions.

SIDDOWAY, C.J., and FEARING, J., concur.